**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Howard Walton, | : | Case No. 1:11-CV-2739 |
| Plaintiff | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | : | **AND ORDER** |
| Defendant | : | |

**I. INTRODUCTION**

On March 13, 2012, the parties consented to the jurisdiction of the undersigned Magistrate for any and all further proceedings in this case, including trial and the entry of a final judgment, pursuant to 28 U.S.C. § 636(c)(1) (Docket No. 14). Pending are Plaintiff Howard Walton's ("Plaintiff") Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) (Docket No. 18) and Commissioner's ("Defendant" or "Commissioner") Response (Docket No. 19). For the reasons set forth below, Plaintiff's Motion for Attorney Fees is granted.

**II. PROCEDURAL BACKGROUND**

On April 28, 2009, Plaintiff filed an application for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (Docket No. 10, pp. 176-87 of 429). On that same day, Plaintiff filed an application for Supplemental

Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 (Docket No. 10, pp. 176-87 of 429). In both applications, Plaintiff alleged a period of disability beginning April 5, 2008 (Docket No. 10, pp. 176-87 of 429). Plaintiff's claims were denied initially on August 18, 2009 (Docket No. 10, pp. 131-36 of 429), and upon reconsideration on January 6, 2010 (Docket No. 10, pp. 142-44 of 429). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on January 27, 2010 (Docket No. 10, p. 142 of 429). This hearing took place on April 28, 2011, before ALJ Hilton R. Miller ("ALJ Miller") (Docket No. 10, pp. 31-77 of 429). Plaintiff, represented by counsel Steven Stocker, appeared and testified (Docket No. 10, pp. 31-77 of 429). Vocational Expert ("VE") Mark A. Pinti also appeared and testified (Docket No. 10, pp. 31-77 of 429). In a decision dated May 23, 2011, ALJ Pinti concluded that Plaintiff was not entitled to benefits (Docket No. 10, p. 25 of 429). ALJ Pinti's decision became the final decision of the Commissioner when the Appeals Council denied review on October 18, 2011 (Docket No. 10, p. 6 of 429).

    Plaintiff filed a timely Complaint seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1). On October 16, 2012, the undersigned Magistrate issued a Memorandum Opinion and Order affirming the decision of the Commissioner with regard to two issues: (1) the ALJ based his hypothetical question on substantial evidence contained within the objective medical record; and (2) the ALJ reasonably relied on the VE's testimony (Docket No. 16, pp. 23-27 of 27). The Magistrate reversed and remanded Plaintiff's case to the Commissioner for further proceedings regarding Plaintiff's third issue, the ALJ's improper application of the treating physician rule (Docket No. 16, pp. 19-23 of 27).

Plaintiff's Motion for Attorney Fees was filed pursuant to the Equal Access to Justice Act ("EAJA") on December 20, 2012 (Docket No. 18).

### III. EAJA STANDARD FOR AWARDING FEES

The EAJA requires, in some situations, payment of fees and expenses to a prevailing party in any action against the United States, or any agency or official thereof. This is true unless either: (1) the position of the United States, its agency, or official was substantially justified; or (2) special circumstances would make such an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (*quoting Scarborough v. Principi,* 541 U.S. 401, 427 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A).

According to 28 U.S.C. § 2412(a)(1), a judgment for costs may be awarded to a prevailing party in any civil action brought by or against the United States, or any agency or official thereof. Such costs may include various court and filing fees. 28 U.S.C. § 2412(a)(1)-(2). A prevailing party may also be eligible to receive reasonable expenses and fees of his attorneys. 28 U.S.C. § 2412(b). The United States, or any agency or official thereof, shall be liable for such expenses and fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).

Within thirty days of a final judgment, a party seeking an award of fees and expenses shall submit to the court an application for such fees and expenses that shows: (1) the party is a prevailing party, (2) the party is eligible to receive an award under 28 U.S.C.A. § 2412(b), (3) the position of the United States was not substantially justified, and (4) the itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the

actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B).

### III. ANALYSIS

Plaintiff contends: (1) he is a prevailing party; (2) the position of the government in denying his DIB and SSI applications was not substantially justified; (3) he is eligible to receive EAJA fees; and (4) the record has been properly supplemented with the basis for attorney fee calculations (Docket No. 18). Plaintiff seeks an award of attorney fees totaling $2,343.75 (Docket No. 18).

Defendant does not object to Plaintiff's Motion for Attorney Fees nor to the specific amount requested (Docket No. 19).

**A.    THE PREVAILING PARTY**

Plaintiff contends he is a prevailing party for purposes of the EAJA requirements because he succeeded in obtaining a remand to the Commissioner for further consideration (Docket No. 18). A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008) (*citing Shalala v. Schaefer*, 509 U.S. 292 (1993)).

Here, Plaintiff was awarded a remand order pursuant to sentence four of 42 U.S.C. § 405(g) on October 16, 2012 (Docket No. 16). Defendant does not dispute Plaintiff's prevailing party status (Docket No. 19). Plaintiff is therefore a prevailing party for purposes of the EAJA.

**B.    ELIGIBILITY FOR AN AWARD**

Under prong two of the test set forth in 28 U.S.C. § 2412(d)(1)(B), the moving party must be eligible to receive the award of attorneys' fees and/or expenses. The statute defines

"eligible party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Although not specifically stated, by simply filing his Motion for Attorney Fees, Plaintiff asserts he is an individual whose net worth did not exceed $2,000,000 at the time his civil action was filed (Docket No. 18). It was confirmed that Plaintiff has past relevant work as a machine operator, making approximately $2,000 per month (Docket No. 16, pp. 4-6 of 27). Plaintiff testified that his only source of income is the $115 per month he receives from Job and Family Services (Docket No. 16, p. 4 of 27). Plaintiff is also a self-described functional alcoholic who received five total DUI charges over his lifetime, each resulting in either incarceration and/or rehabilitation (Docket No. 16, p. 3 of 27). Given these circumstances, it is improbable Plaintiff's net worth exceeded $2,000,000 at the time of filing. Defendant does not contest the issue of Plaintiff's net worth (Docket No. 19). The Magistrate concludes Plaintiff is therefore eligible for the award.

**C.   SUBSTANTIAL JUSTIFICATION**

What determines "substantial justification" is based on a wide variety of factual contexts and legal issues. Essentially, the standard is one of reasonableness, making the pertinent inquiry whether the United States presented a reasonable position based in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The government bears the burden of establishing that the position of the United States is substantially justified. *Olive*, 534 F.Supp.2d at 758. To satisfy this burden, the United States must show its position was "substantially justified or that special circumstances make an award unjust." *Id*. The government's position is substantially justified "if it is 'justified in substance or

in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Id*. (*citing Pierce*, 487 U.S. at 565).

Attorney fees should not be awarded simply because the government lost the case on the merits. *Olive*, 534 F.Supp.2d at 758 (*citing Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987)). A court must be careful to maintain the distinction between a lack of substantial *evidence*, which results in a remand to the Commissioner, and a lack of substantial *justification*, which results in an award of attorney's fees. *Olive*, 534 F.Supp.2d at 758 (emphasis added). The government's position "'can be justified even though it is not correct.'" *Id*. at 759.

Plaintiff alleges Defendant was not substantially justified in its denial of benefits (Docket No. 18, pp. 2-3 of 7). Specifically, Plaintiff claims the ALJ did not provide good reasons for rejecting the opinion of Plaintiff's treating physician (Docket No. 18, p. 2 of 7). Defendant does not contest Plaintiff's allegations that its finding and conclusion were not based on substantial evidence (Docket No. 19). Therefore, this Magistrate finds the Commissioner's findings and conclusions were not substantially justified.

**D.     THE BASIS FOR THE AWARD**

Plaintiff argues he is entitled to attorney fees totaling $2,343.75 (Docket No. 18, p. 3 of 7). This amount represents an expenditure of 18.75 hours by Plaintiff's counsel multiplied by an hourly rate of $125, the current statutory cap for attorneys' fees (Docket No. 18, p. 5 of 7). Defendant does not contest this amount (Docket No. 19).

**1.     COMPENSABLE HOURLY RATE**

Once a court concludes attorney fees should be awarded under the EAJA, the Court must determine if the fee itself is reasonable. 28 U.S.C. § 2412(d)(2)(A). The burden of proof for this

6

reasonableness determination falls on the party seeking the award. *Haiges v. Comm'r*, 2008 U.S. Dist. LEXIS 105847, *11-12 (S.D. Ohio 2008). Counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary from the fee request. *Id*. at 891. "Hours may be cut for duplication, padding or frivolous claims." *Holden v. Bowen*, 668 F.Supp 1042, 1049 (N.D. Ohio 1986). The court must identify those hours, beyond the allowances for duplicative services, and articulate the reasons for their elimination from hours of service adequately documented. *Id*. Under the EAJA, an award of fees for preparation of the fee application is considered compensable. *See Seymore v. Sec'y*, 738 F.Supp 235 (N.D. Ohio 1990).

Upon review of the itemized statement of services provided by Plaintiff's counsel, this Magistrate determines the request for fees is adequately documented. Counsel expended 18.75 hours in her representation of Plaintiff (Docket No. 18, p. 5 of 7). Counsel made a good faith effort to be clear and succinct in her pleadings. There is neither padding nor the assertion of frivolous claims. There are no excessive, redundant, or unnecessary hours included in the schedule of services. The Magistrate finds the compensable hours in this case to be 18.75.

    **2.**    **HOURLY RATES**

According to 28 U.S.C. § 2412(d)(2)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of services furnished. The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In the Sixth Circuit, it is well established the EAJA allows for a cost-of-living adjustment based upon increases in the Consumer Price Index ("CPI"). *Begley v. Sec'y of Health & Human Servs.*, 966

F.2d 196, 199 (6th Cir. 1992). A decision to apply such an adjustment is left to the discretion of the district court. *Id.*

Plaintiff's counsel seeks only the current statutory rate of compensation of $125 per hour (Docket No. 18). Defendant does not object (Docket No. 19). This Magistrate finds Plaintiff has established entitlement to an award of fees totaling $2,343.75.

### 4. TOTAL AWARD

The Supreme Court has determined that, within the meaning of the EAJA in a social security benefits case, an award of attorney fees is payable to the prevailing party, not his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010). In the present case, Plaintiff is entitled to an award of attorney fees in the amount of $2,343.75, representing his total award.

### IV. CONCLUSION

For these reasons, the Magistrate grants Plaintiff's Motion for Attorney Fees. **IT IS SO ORDERED**.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   February 19, 2013